1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PAUL ANDREW TORFASON,<br><br>            Plaintiff,<br><br>      v.<br><br>CALIFORNIA FORENSIC MEDICAL<br>GROUP, DOES 1-15,<br><br>            Defendants. | Case No.  22-cv-03458-JSW<br><br>**ORDER OF SERVICE** |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against the medical group and its employees who treated him when he was an inmate at the Monterey County Jail.   Leave to proceed in forma pauperis is granted in a separate order.  For the reasons discussed below, the complaint is ordered served on Defendant the California Forensic Medical Group.  When and if Plaintiff wishes to add names of the "Doe" Defendants, he may do so in a proposed amended complaint, which he may file as an exhibit to a motion for leave to amend the complaint.

## ANALYSIS

A.    STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

1    Cir. 1990).

2         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

3    claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

4    statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

5    which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although

6    in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

7    obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and

8    conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

9    Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell*

10   *Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint

11   must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

12        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1)

13   that a right secured by the Constitution or laws of the United States was violated, and (2) that the

14   alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*,

15   487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

16

17        When liberally construed, Plaintiff's allegations state cognizable claims against Defendants

18   for violating his right to due process by failing to provide him with adequate medical care for his

19   concussion and other injuries sustained on August 5, 2020, at the Monterey County Jail.

20                                    **CONCLUSION**

21        For the reasons set out above,

22        1.  The clerk shall issue summons and the United States Marshal shall serve, without

23   prepayment of fees, a copy of the Complaint (ECF No. 1) with all attachments thereto, and a copy

24   of this order upon the California Forensic Medical Group.

25        2.  Defendants **shall** file an answer in accordance with the Federal Rules of Civil

26   Procedure.

27        3.  In order to expedite the resolution of this case:

28             a.  No later than **91 days** from the date this order is filed, Defendants shall file a

*United States District Court*
*Northern District of California*

2

1  motion for summary judgment or other dispositive motion.  If Defendants are of the opinion that

2  this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date

3  the summary judgment motion is due.  All papers filed with the court shall be promptly served on

4  the plaintiff.

5  b.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the

6  court and served upon Defendants no later than **28 days** from the date of service of the motion.

7  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him

8  pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v.*

9  *Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

10  c.  Defendants **shall** file a reply brief no later than **14 days** after the date of service

11  of the opposition.

12  d.  The motion shall be deemed submitted as of the date the reply brief is due.  No

13  hearing will be held on the motion unless the court so orders at a later date.

14  e.  Along with his motion, Defendants shall file proof that they served plaintiff the

15  *Rand* warning at the same time they served him with their motion.  Failure to do so will result in

16  the summary dismissal of their motion.

17  4.  All communications by the Plaintiff with the court must be served on Defendants, or

18  Defendants' counsel once counsel has been designated, by mailing a true copy of the document to

19  Defendants or Defendants' counsel.

20  5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No

21  further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required

22  before the parties may conduct discovery.

23  Plaintiff is reminded that state prisoners inmates may review all non-confidential material

24  in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App.

25  1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations

26  Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to

27  review these files or for copies of materials in them must be made directly to prison officials, not

28  to the court.

United States District Court
Northern District of California

3

6.  It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 26, 2022

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.