UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PAUL ANDREW TORFASON,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, et al.,<br><br>Defendants. | Case No. 22-cv-03458-JSW<br><br>**ORDER GRANTING MOTION TO FILE AMENDED COMPLAINT; OF SERVICE**<br><br>Re: Dkt. No. 12 |

Plaintiff's motion for leave to file an amended complaint is GRANTED. *See* Fed R. Civ. P. 15(a). The amended complaint replaces the California Forensic Medical Group, which was named as a Defendant in the original complaint, with Defendant Wellpath, which Plaintiff alleges, was the medical care provider at the Monterey County Jail when the alleged injuries to Plaintiff occurred. When liberally construed, the allegations in the amended complaint state cognizable claims against Wellpath for providing him with inadequate medical care in violation of his 14th Amendment right to due process.

In light of the foregoing,

1. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint (ECF No.13) with all attachments thereto, and a copy of both the prior Order of Service (ECF No. 5) and this order on **Wellpath** at 3911 Sorrento Valley Boulevard, Suite 130, San Diego, California, 92121.

2. Defendant shall file an answer in accordance with the Federal Rules of Civil Procedure.

3. To expedite the resolution of this case:

a. No later than **91** days from the date this order is issued, Defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by

adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

   b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

   c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendant no later than **28 days** from the date the motion is filed.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

   d. Defendant shall file a reply brief no later than **14** days after the opposition is filed.

   e. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

  4. All communications by Plaintiff with the Court must be served on Defendant or their counsel once counsel has been designated, by mailing a true copy of the document to Defendant or his counsel.

  5. Discovery has been opened.  <u>On or before April 10, 2023, Plaintiff shall submit to the Court the name(s) of anyone referenced in the amended complaint as a "Doe" defendant. Failure to do so or to show cause for additional time by this deadline will result in the dismissal of the claims against the Doe defendants</u>

  **IT IS SO ORDERED.**

Dated: March 1, 2023

                */s/ Jeffrey S. White*
                JEFFREY S. WHITE
                United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.