UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES PAUL ANDREW TORFASON,

Plaintiff,

v.

WELLPATH,

Defendant.

Case No. 22-cv-03458-JSW

**ORDER DISCHARGING ORDER TO SHOW CAUSE; SCHEDULING ANSWER AND DISPOSITIVE MOTIONS**

Good cause appearing and in light of Defendant's appearance, the Order to Show Cause is DISCHARGED.  To expedite the resolution of this case that has been pending for a substantial period of time, the Court orders as follows:

1.  The Defendants **shall** file an answer on or before **February 10, 2026.**

2.  No later than **April 22, 2026,** Defendant shall file a motion for summary judgment or other dispositive motion.  If Defendants is of the opinion that this case cannot be resolved by summary judgment, it shall so inform the court prior to the date the summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **May 20, 2026.**  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

Defendant **shall** file a reply brief no later than **June 3, 2026**.

The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

Along with his motion, defendant shall file proof that it served plaintiff the *Rand* warning

United States District Court
Northern District of California

at the same time they served him with their motion.  Failure to do so will result in the summary dismissal of their motion.

3. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or their counsel.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

5. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. As this case was filed more than three years ago and extensive delays have been occasioned due to unusual circumstances, the Court will only extend the above deadlines upon a showing of extraordinary circumstances.  Any request for an extension of time must be filed before the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: January 22, 2026

JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

2

United States District Court
Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

3