UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES PAUL ANDREW TORFASON,

Plaintiff,

v.

WELLPATH, L.L.C.,

Defendant.

Case No. 22-cv-03458-JSW

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND FOR EXTENSION OF TIME; DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; GRANTING PLAINTIFF EXTENSION OF TIME**

Re: Dkt. Nos. 41, 44, 46

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action against Wellpath, LLC, for providing inadequate medical care while he was in county jail. Wellpath filed an answer (ECF No. 36), a motion to dismiss (ECF No. 41), and a request for judicial notice (ECF No. 41-1). The motion to dismiss relies on orders filed in a bankruptcy case from the United States District Court for the Southern District of Texas. (ECF Nos. 41, 41-1.) Defendant does not cite the rule of the Federal Rules of Civil Procedure ("FRCP") authorizing its motion. *Cf.*, *e.g.*, Fed. R. Civ. P. 12(b),(c). Needless to say, any dispositive motion must cite the federal rule under which it is proceeding, and apply the relevant standard. In addition, Defendant also noticed a zoom hearing on the motion, in contravention of the numerous orders of service stating that no hearing will be held on a dispositive motion. (*See*, *e.g.*, ECF No. 29 at 2:10-11.) Accordingly, the motion to dismiss is DENIED. Defendant may file a new dispositive motion, including a new motion to dismiss, provided any such motion cites and applies the federal rule authorizing the motion. Further, the provisions of the most recent order of service apply to a new dispositive motion (*id.* at 1:25-2:24), except for the briefing dates, which are updated below. Defendant shall thoroughly review and comply with these provisions prior to filing any further motion; failure to do so may result in sanctions under FRCP 11.

United States District Court
Northern District of California

Plaintiff's motion for appointment of counsel is DENIED.  There is no right to counsel in a civil case such as this.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981).  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  Plaintiff asserts he needs counsel because he does not know bankruptcy law, does not understand Defendant's papers, and he has not been able to find counsel on his own.  These are not exceptional circumstances.  Defendant has provided Plaintiff with the relevant bankruptcy orders, and Plaintiff has not explained what laws, if any, he does not have access to or what is preventing such access.  Defendant's arguments rely on the orders, are not extraordinarily complex, and do require neither prior knowledge nor a sophisticated understanding of bankruptcy law.  Accordingly, the interests of justice do not require Plaintiff's representation by counsel, and Plaintiff's motion is DENIED.

The deadline for Defendant to file a new dispositive motion is **June 19, 2026**.  Plaintiff's opposition is due on or before **July 16, 2026.**  Defendant shall file a reply brief or a notice of Plaintiff's non-opposition on or before **July 30, 2026**.

In light of the above, Defendants' motion for an extension of time is DENIED as unnecessary.  Defendant's request for judicial notice of documents filed in other cases is GRANTED.

This order disposes of docket numbers 41, 44, 46.

**IT IS SO ORDERED.**

Dated: May 22, 2026

_____
JEFFREY S. WHITE
United States District Judge

United States District Court
Northern District of California

2