United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES PAUL ANDREW TORFASON,
Plaintiff,

v.

WELLPATH,
Defendant.

Case No. 22-cv-03458-JSW

**ORDER GRANTING MOTION TO DISMISS**

(ECF No. 48)

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. § 1983 against Wellpath, LLC[1] ("Wellpath"), the medical group contracted to operate medical care at the Monterey County Jail when Plaintiff was an inmate there. Plaintiff claims Wellpath violated his right to due process by failing to provide adequate medical care for his concussion and other injuries sustained on August 5, 2020. Wellpath has filed a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure on the grounds that its bankruptcy reorganization plan deprives this Court of jurisdiction over Plaintiff's claims. Plaintiff was given an opportunity to file an opposition, but he has not responded to the motion. For the reasons discussed below, the motion is GRANTED, and the case is DISMISSED.

**DISCUSSION**

I. Standard of Review

Lack of subject matter jurisdiction is grounds for dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Review of a motion to under Rule 12(b) is limited to the operative pleading, attachments, and judicially noticeable matters. *See Khoja v. Orexigen*

[1] Wellpath has informed the court that its correct name is "Wellpath, LLC" and was previously erroneously identified in this case as Wellpath, Inc..

*Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018).[2] A pleading filed by a party unrepresented by counsel must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations and citations omitted).

II. Analysis

Plaintiff filed this case in 2022, seeking damages for the alleged failure of Wellpath employees to provide him adequate medical care while he was an inmate at the Santa Rita County Jail. In November 2024, Wellpath and its parent company filed bankruptcy petitions in the United States Bankruptcy Court for the Southern District of Texas. *See In re: Wellpath Holdings, Inc., et al*., Case No. 24-90533 (Bankr. S.D. Tex. 2025). In May 2025, the Bankruptcy Court ordered a reorganization plan, which it subsequently revised and clarified in January 2026 (hereinafter "the reorganization plan"). (ECF No. 48-1, Exs. A, C.)

Under the reorganization plan, all pre-existing cases and claims against Wellpath, including the instant action, are enjoined from continuing. (*See id.* at 75, 79, 134, 139, 161.) *See* 11 U.S.C. § 524 (a), 101(15). The plan does provide a mechanism for a party to proceed with claims against the debtors, including Wellpath; in order to do so, Plaintiff had to file a timely motion in the Bankruptcy Court and present sufficient evidence establishing that a) insurance coverage exists for such claims and b) either (i) there is no applicable self-insurance retention or (ii) such claim will exceed the applicable self-insurance retention of two to three million dollars. (ECF No. 48-1 at 161, 168-78.) The Bankruptcy Court further provided any party proceeding in violation of the reorganization plan "shall be subject to the jurisdiction of [the Bankruptcy] Court, and the Trust or the Post-Restructuring Debtors may seek any and all remedies available under the Bankruptcy Code against such a party for interference with the Plan including, but not limited to, monetary sanctions." (*Id.* 162, 164.)

---

[2] The Court grants Wellpath's request for judicial notice of filings in its bankruptcy case, *In re: Wellpath Holdings, Inc., et al*., Case No. 24-90533 (Bankr. S.D. Tex. 2025). *See* Fed. R. Evid. 201(b); *Khoja*, 899 F.3d at 999.

Plaintiff has not alleged in the complaint or attachments any facts supporting a reasonable inference he filed a timely motion in the Bankruptcy Court that complies with the reorganization plan. Nor can such an inference be reasonably drawn from the judicially noticed court filings. As a result, the only reasonable inferences that can be drawn from the record is that Plaintiff did not file the motion required by the reorganization plan for proceeding with his claims, that such failure violated the reorganization plan, and that such violation rendered gave jurisdiction over this action to the Bankruptcy Court, this case must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. This dismissal is without prejudice to Plaintiff seeking to pursue the claims herein by filing a motion in the Bankruptcy Court that complies with the reorganization plan.[3]

## CONCLUSION

For the reasons described above, Wellpath's motion to dismiss is GRANTED, and Plaintiff's case is DISMISSED without prejudice.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: August 17, 2026

JEFFREY S. WHITE
United States District Judge

[3] Wellpath's additional argument that Plaintiff "could not" succeed in such a motion because he has not "provided sufficient evidence" that his claims exceed Wellpath's self-insurance retention is rejected because the Federal Rules of Civil Procedure do not require a plaintiff to submit evidence with their pleadings or to defeat a motion to dismiss under Rule 12(b).